## GARRY KLINGER v. COMMISSIONER OF CORRECTION
## (AC 25978)

Bishop, DiPentima and Hennessy, Js.

Submitted on briefs January 13—officially released March 28, 2006

---

*Aaron J. Romano*, special public defender, filed a brief for the appellant (petitioner).

*Matthew C. Gedansky*, state's attorney, and *Leon F. Dalbec, Jr.*, and *Angela R. Macchiarulo*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Garry Klinger, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion by concluding that he had not been prejudiced by any claimed ineffective assistance of counsel at his sentencing hearing and by finding that his plea was made knowingly and voluntarily. We dismiss the appeal.

The court found the following facts. The petitioner befriended a woman named Maria Ortiz, obtained information about her identity and created fake employment records to apply for a mortgage loan in her name without her knowledge. The petitioner asked another woman to impersonate Ortiz and closed on a mortgage loan for property located in Meriden. Three months later, the petitioner misrepresented that he owned the Meriden property in fee simple and closed on a second mortgage loan. On the basis of these facts, the petitioner was charged with larceny in the first degree in violation of General Statutes §§ 53a-119 (2) and 53a-122 (a), and on June 3, 2003, he pleaded guilty under the *Alford* doctrine.[1] Three months later, the petitioner was sen-

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

tenced to ten years imprisonment, execution suspended after five years, followed by three years of probation.

The petitioner filed a petition for a writ of habeas corpus, which he amended twice thereafter. After a trial at which the petitioner and his trial counsel were the sole witnesses, the court dismissed the petitioner's third amended petition, finding that, as to the claim of ineffective assistance of counsel, the petitioner had failed to prove that the alleged deficient performance of his attorney resulted in prejudice to him.[2] Specifically, the court found no credible evidence that the petitioner would have insisted on going to trial and no proof that the petitioner would have prevailed or would have achieved a better outcome at trial. As to the claim that the petitioner's plea was not made knowingly and voluntarily, the court found that the plea canvass complied with Practice Book § 39-19 and that the petitioner and his counsel had acquiesced in the special conditions of probation.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Turner* v. *Commissioner of Correction*, 86 Conn. App. 341, 342–43, 861 A.2d 522 (2004), cert. denied, 272 Conn. 914, 866 A.2d 1286 (2005). "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then dem-

---

[2] The third amended petition contained three counts: Prosecutorial misconduct, ineffective assistance of counsel and incompetency of plea. Only the second and third counts are subjects of this appeal. The petitioner does not challenge the court's dismissal of the prosecutorial misconduct count.

onstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005).

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). The court properly disposed of the claim of ineffective assistance of counsel solely on the petitioner's failure to prove prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 620, 724 A.2d 508, cert. denied, 248 Conn. 905, 731 A.2d 309 (1999). That finding also supports the court's determination as to the competency of the plea. See *Hill* v. *Lockhart*, 474 U.S. 52, 60, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

The appeal is dismissed.

