GLEN BAILEY *v.* COMMISSIONER OF CORRECTION
(AC 28288)

McLachlan, Harper and Peters, Js.

Argued February 19—officially released April 29, 2008

*Christopher M. Neary*, special public defender, for the appellant (petitioner).

*Sarah Hanna*, special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Glen Bailey, appeals following the denial of certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying certification to

appeal and improperly rejected his claim that his appellate counsel had provided ineffective assistance. We dismiss the appeal.

The following facts and procedural history are not in dispute. The petitioner was convicted, following a jury trial, of four counts of sexual assault in the first degree in violation of General Statutes § 53a-70 and four counts of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21. The trial court imposed a total effective sentence of forty years incarceration. The petitioner, challenging the judgment on two grounds, brought a direct appeal before this court, which affirmed the judgment of the trial court. *State* v. *Bailey*, 56 Conn. App. 760, 746 A.2d 194 (2000), cert. denied, 264 Conn. 901, 823 A.2d 1219 (2003). At the time he brought his direct appeal, the defendant was represented by two special public defenders, Megan McLoughlin and Alexander H. Schwartz. Later, the petitioner, appearing pro se, petitioned our Supreme Court for certification to appeal from this court's judgment. Our Supreme Court denied the petition on May 21, 2003. *State* v. *Bailey*, 264 Conn. 901, 823 A.2d 1219 (2003).

On May 17, 2006, the petitioner brought an amended petition for a writ of habeas corpus in which he claimed that his appellate counsel provided deficient representation in that they failed to file a petition for certification to appeal from this court's judgment to our Supreme Court and failed to raise several claims in his direct appeal. The petitioner asserted that "[a]ppellate counsel's affirmative acts and omissions fell below the standard of reasonable competence in criminal law" and that, but for those acts and omissions, "it is reasonably probable that the result of the appeal would have been different." Thus, the petitioner claimed that his incarceration was unlawful because it followed from the deprivation of his right to the effective assistance of counsel afforded by the federal and state constitutions.

The respondent, the commissioner of correction, denied the allegations of deficient and prejudicial representation. The habeas court held an evidentiary hearing related to the petition. The petitioner submitted transcripts of proceedings from his criminal trial, published decisions related to his case and materials that were filed in connection with his direct appeal. The petitioner testified in support of the petition but did not present any other testimony.

In its October 19, 2006 memorandum of decision, the court denied the petition. The court summarily rejected the claim related to counsel's failure to file a petition for certification to appeal to our Supreme Court, stating that "there can be no prejudice because such a petition was actually filed, and the Supreme Court declined to entertain the [appeal]."

The habeas court also rejected the claims related to the failure of counsel to raise several additional claims in the petitioner's direct appeal. The court stated: "[T]here are a plethora of allegations involving the failure of the petitioner's appellate counsel to raise issues on appeal; however, there was a paucity of proof supporting these allegations adduced at the habeas trial. To be sure, the petitioner did introduce the transcript of his criminal trial, thereby allowing the habeas court to ascertain what took place at the criminal trial; however, there is no way that this court can conclude that the petitioner has met his burden of proof that he was the 'victim' of ineffective assistance of counsel. A habeas court does not sit as an examiner to grade the performance of counsel. To simply submit a transcript and essentially ask the court to engage in a plenary critique of counsel's efforts and, thereafter, attempt to find something wrong is a misunderstanding of the role of the habeas court and the burden that rests with the petitioner."

The court further stated: "There was no expert opinion testimony offered by another appellate counsel as to the viability of any of the issues that might have been raised [in the direct appeal]. The attorneys who represented the petitioner on appeal were not even called to testify. In essence, the petitioner now simply asserts, without any real support, that there were better issues that should have been raised and were not." The court summarized its assessment of the evidence, noting that the petitioner argued effectively that additional claims might have been raised in his direct appeal, but did not present any evidence that these claims "*should*" have been raised such that the failure to raise such claims constituted deficient representation. (Emphasis in original.) Accordingly, the court concluded that the petitioner failed to satisfy his burden of demonstrating that his appellate counsel were ineffective as alleged. The court subsequently denied the petition for certification to appeal to this court, and this appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to

deserve encouragement to proceed further. . . . We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740–41, 936 A.2d 653 (2007), cert. denied, 286 Conn. 905, 944 A.2d 978 (2008).

"Our Supreme Court has adopted [*Strickland*'s] two part analysis in reviewing claims of ineffective assistance of appellate counsel. . . . The first part of the *Strickland* analysis requires the petitioner to establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

that, under the circumstances, the challenged action might be considered sound trial strategy. . . . The right to counsel is not the right to perfect representation. . . . While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . Most cases present only one, two, or three significant questions. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones. . . . Our Supreme Court has stated that [i]t is possible to leave out a dispositive issue on appeal and nevertheless, to have furnished a petitioner with adequate counsel under the sixth amendment. . . . Finally, [i]f the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation. . . .

"The seminal case of *Bunkley* v. *Commissioner of Correction*, [222 Conn. 444, 610 A.2d 598 (1992)], considered the prejudice prong of the *Strickland* analysis in claims of ineffective assistance of appellate counsel. Rejecting the petitioner's contention that the proper analytical focus is the probable result of the appeal, the *Bunkley* court explained that the proper focus instead is the result of the trial. . . . To satisfy the prejudice prong, a petitioner must, thus, establish that, as a result of appellate counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. Put

another way, he must establish that, because of the failure of his appellate counsel to raise a [particular] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt. . . . In order to prevail on a claim of ineffective assistance of appellate counsel, therefore, a habeas petitioner must show not only that his appeal would have been sustained but for counsel's deficient performance, but also that there is a reasonable probability that the trial verdict would have been different." (Citations omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction,* 87 Conn. App. 560, 562–64, 867 A.2d 51, cert. denied, 273 Conn. 934, 875 A.2d 543 (2005).

We carefully have reviewed the petition for a writ of habeas corpus as well as the evidence, both documentary and testimonial in nature, presented in support of the petition. Nothing in the record contradicts the habeas court's unequivocal assessment of the evidence. Having established what occurred during his criminal trial and what claims were raised in his direct appeal, the petitioner did nothing more than *argue* before the habeas court that his appellate counsel might have handled the appeal differently. The court was left without any evidentiary basis on which to assess why the petitioner's appellate counsel acted as they did or to find that reasonably competent counsel would have acted differently. Absent any *evidentiary* showing that his counsel's representation fell below an objective standard of reasonableness, and that such deficient performance undermines confidence in the verdict that resulted in his appeal, he cannot demonstrate any entitlement to relief. On this record, the petitioner has not demonstrated before this court that the issues raised in his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues differently or that the questions raised deserve

encouragement to proceed further. We conclude, therefore, that the habeas court's denial of the petition for certification to appeal reflected a sound exercise of its discretion.

The appeal is dismissed.