CHARLES COLEMAN *v.* COMMISSIONER OF
CORRECTION
(AC 28022)

McLachlan, Lavine and Berdon, Js.

Argued April 30—officially released July 1, 2008

*David J. Reich*, special public defender, for the appellant (petitioner).

*Melissa Patterson*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Charles Coleman, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. We dismiss the appeal.

The petitioner was charged with and convicted of burglary in the first degree, assault in the first degree and attempt to commit robbery in the first degree. He was sentenced to a total effective term of twenty years imprisonment. The petitioner's conviction was upheld by this court in *State* v. *Coleman*, 35 Conn. App. 279, 646 A.2d 213, cert. denied, 231 Conn. 928, 648 A.2d 879 (1994).

The petitioner subsequently filed an amended petition for a writ of habeas corpus, alleging that his trial counsel rendered ineffective assistance. Specifically, the petitioner alleged that counsel failed to obtain and to call a palm print expert to challenge the state's palm print evidence.[1] After a trial, the habeas court concluded that the petitioner failed to demonstrate that counsel's performance was deficient. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quota-

---

[1] In its May 18, 2006 memorandum of decision, the court concluded that trial counsel retained a palm print expert who confirmed that the palm prints from the scene matched the petitioner's prints. The petitioner has not demonstrated that this finding was clearly erroneous.

tion marks omitted.) *Klinger* v. *Commissioner of Correction*, 94 Conn. App. 579, 581, 893 A.2d 493, cert. denied, 278 Conn. 919, 901 A.2d 44 (2006). "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bailey* v. *Commissioner of Correction*, 107 Conn. App. 362, 365–66, 947 A.2d 2, cert. denied, 287 Conn. 922, 951 A.2d 568 (2008).

After a thorough review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised in the petition for certification to appeal are debatable among jurists of reason, that a court could resolve those issues differently or that the questions raised deserve encouragement to proceed further. Consequently, the petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal. See *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.