DAVID OSUCH *v.* COMMISSIONER OF CORRECTION
(AC 28350)

McLachlan, Lavine and Beach, Js.

Argued September 23—officially released November 4, 2008

*Jodi Zils Gagne*, special public defender, the appellant (petitioner).

*Robin S. Schwartz*, assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Steven G. Weiss*, supervisory assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, David Osuch, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying in part and granting in part his petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel rendered ineffective assistance. We dismiss the appeal.

The petitioner was convicted of five counts of burglary in the third degree in violation of General Statutes § 53a-103 and sentenced to a total effective term of twenty years imprisonment. The petitioner's conviction was upheld by this court in *State* v. *O'Such*, 74 Conn. App. 906, 815 A.2d 296, cert. denied, 263 Conn. 902, 819 A.2d 838 (2003).

The petitioner filed an amended petition for a writ of habeas corpus, alleging that his trial counsel rendered inadequate assistance.[2] The habeas court concluded that the petitioner failed to demonstrate that counsel's performance was deficient. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

---

[1] The court granted the petition for a writ of habeas corpus as to the petitioner's claim that his counsel was ineffective in failing to file an application for sentence review. With respect to that claim, the court granted relief and restored the petitioner's right to file an application for sentence review. The only issue on appeal is whether the court abused its discretion when it denied the petition for certification to appeal from the partial denial of the habeas petition.

[2] Specifically, the petitioner alleged that his counsel failed (1) to conduct an adequate investigation, (2) to present the testimony of an alleged coconspirator, (3) to present evidence that the petitioner was not guilty of the charged offenses, (4) to review the presentence investigation report with the petitioner prior to sentencing, (5) to move for a corrected presentence investigation report, (6) to argue adequately for a lesser sentence and (7) to file an application for review of the petitioner's sentence.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 837–38, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008).

After a thorough review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised in the petition for certification to appeal are debatable among jurists of reason, that a court could resolve those issues differently or that the questions raised deserve encouragement to proceed further. Consequently, the petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal. See id., 838.

The appeal is dismissed.