ROBERT MERRIAM *v.* COMMISSIONER OF
CORRECTION
(AC 28940)

McLachlan, Robinson and Stoughton, Js.

Argued October 30—officially released December 30, 2008

*David J. Reich,* for the appellant (petitioner).

*Melissa L. Streeto,* assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Angela R. Macchiarulo,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Robert Merriam, has appealed following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. He claims that the court abused its discretion in denying his petition for certification and improperly rejected his claims that both his trial counsel and his appellate counsel rendered ineffective assistance. We dismiss the appeal.

The petitioner, after a trial by jury, was found guilty of sexual assault in the first degree in violation of General Statutes (Rev. to 1987) § 53a-70 (a), sexual assault in the second degree in violation of General Statutes (Rev. to 1987) § 53a-71 (a) (1) and risk of injury to a child in violation of General Statutes (Rev. to 1987) § 53-21. The

petitioner appealed, and the judgment of conviction was affirmed in *State* v. *Merriam*, 264 Conn. 617, 835 A.2d 895 (2003). The facts out of which this case arose are set forth in that opinion.

On May 16, 2006, the petitioner filed an amended petition for a writ of habeas corpus containing three counts. The first count alleged that his conviction was obtained in violation of his right to effective assistance of trial counsel.[1] The second count alleged ineffective assistance of appellate counsel.[2] The third count, alleging prosecutorial impropriety, was not pursued on appeal and therefore was abandoned.

Several witnesses testified at the habeas trial, including the petitioner, two expert witnesses, both the petitioner's trial and appellate counsel, the prosecutor who tried the criminal case and a police officer. The court found that the petitioner generally was not credible and that counsel and the police officer were credible. Following the trial, the court, in a comprehensive forty-one page memorandum of decision, fully analyzed and examined each of the petitioner's claims and denied the petition. On June 6, 2007, the court denied the petitioner's petition for certification to appeal.

---

[1] The petitioner alleged that trial counsel failed (1) to investigate and to prepare the case for trial, (2) to explain properly a proposed plea agreement, (3) to file a motion to dismiss on the basis of the expiration of the statute of limitations, (4) to cross-examine witnesses and to introduce evidence to impeach their credibility, (5) to call relevant witnesses, (6) to challenge allegations made by the prosecutor and to present evidence and argument disproving such allegations, (7) to challenge the accuracy of the police investigation, (8) to hire and to use an expert witness to challenge the propriety of the investigation, (9) to file a motion for a judgment of acquittal on the ground of insufficient evidence, (10) to object to improper closing arguments or to request a curative instruction and (11) to present effective closing arguments.

[2] The petitioner contended that appellate counsel failed to assert that there was insufficient evidence to support the guilty verdict and failed to raise the issue of prosecutorial impropriety.

The petitioner challenges both the court's denial of certification to appeal and its denial of the amended petition for a writ of habeas corpus. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Osuch* v. *Commissioner of Correction*, 111 Conn. App. 135, 137, 957 A.2d 887, cert. denied, 289 Conn. 957, 961 A.2d 420 (2008), quoting *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 838, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008). "[E]very reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *James*, 64 Conn. App. 495, 499, 779 A.2d 1288 (2001), rev'd on other grounds, 261 Conn. 395, 802 A.2d 820 (2002). To prevail on the merits on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Furthermore, a petitioner claiming ineffective assistance of appellate counsel must show that, but for appellate counsel's error, the petitioner would have

prevailed on appeal. See *Small* v. *Commissioner of Correction*, 286 Conn. 707, 721–24, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

After a thorough review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised in the petition for certification to appeal are debatable among jurists of reason, that a court could resolve those issues differently or that the questions raised deserve encouragement to proceed further. The petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.