FRANK GERARDI *v.* CITY OF BRIDGEPORT ET AL.
(AC 27190)

Flynn, C. J., and Rogers and Stoughton, Js.

Argued November 28, 2006—officially released January 23, 2007

*John R. Williams,* for the appellant (plaintiff).

*John R. Mitola,* associate city attorney, for the appellee (named defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Frank Gerardi, appeals from the judgment of the trial court dismissing count one of his complaint against the defendant city of Bridgeport for lack of subject matter jurisdiction.[1] The plaintiff claims that the court improperly concluded that he had failed to exhaust his administrative remedies. We affirm the judgment of the trial court.

On September 6, 2001, the plaintiff filed a complaint, which alleged, in part, that the defendant violated its charter provisions when it promoted two individuals, Leonard Bonaventura and Bruce Collins, to the positions of senior fire inspector and fire marshal, respectively, while promoting the plaintiff, who allegedly had earned the highest score on the promotional examination, to the lower ranking position of fire inspector. In response, the defendant filed a motion to dismiss count one of the complaint, asserting that the plaintiff did not exhaust his administrative remedies, and, therefore, the

---

[1] In the second count of his two count complaint, the plaintiff brought a claim of intentional infliction of emotional distress against the defendants Bruce Collins and Leonard Bonaventura, but this claim was not the subject of the motion to dismiss, and, therefore, is not a part of this appeal. Accordingly, in this opinion, we refer to the city of Bridgeport as the defendant.

court lacked subject matter jurisdiction. Thereafter, the court granted the defendant's motion to dismiss, concluding that it was without jurisdiction in a matter in which the plaintiff had an available administrative remedy, and rendered judgment in the defendant's favor. This appeal followed.

We first set forth the well established standard of review. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Neiman* v. *Yale University*, 270 Conn. 244, 250–51, 851 A.2d 1165 (2004).

In its memorandum of decision dated November 7, 2005, the court concluded that the plaintiff had failed to exhaust his administrative remedies prior to bringing suit because he had not filed an appeal in accordance with § 206 (a) (4) of the charter of the city of Bridgeport (charter). We agree with the court.

"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.)

*Drumm* v. *Brown*, 245 Conn. 657, 676, 716 A.2d 50 (1998). "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief . . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citation omitted; internal quotation marks omitted.) *Simko* v. *Ervin*, 234 Conn. 498, 504, 661 A.2d 1018 (1995).

On appeal, the plaintiff claims that the charter fails to provide an available administrative remedy, which he was required to exhaust before filing a complaint in the court. The plaintiff first argues that the charter does not contain a provision entitling a person in the plaintiff's position to the right of appeal. Additionally, the plaintiff contends that he is not required to appeal to the civil service commission, under § 206 (a) (4) of the charter, because this provision fails to set forth, in detail, the procedure for filing the appeal. We, however, find the plaintiff's arguments unpersuasive.

The plain language of § 206 (a) (4) empowers the civil service commission to hear appeals, in which employees seek redress for alleged violations of the charter relating to the promotion of civil service employees. Section 206 (a) of the charter provides in relevant part: "The members of the civil service commission shall hold regular meetings at least once each month and may hold additional meetings as may be required in the proper discharge of their duties. Said commission shall . . . (4) hear and determine complaints or appeals respecting the administrative work of the personnel department, *appeals upon the allocations of positions or concerning promotions*, the rejection of an applicant for admission to an examination

and such other matters as may be referred to the commission by the personnel director . . . ." (Emphasis added.)

In the present case, the plaintiff failed to file an appeal with the civil service commission in accordance with § 206 (a) (4) of the charter before bringing suit. As a result, pursuant to the exhaustion of administrative remedies doctrine, the court lacked subject matter jurisdiction. Contrary to the plaintiff's assertion that the charter fails to furnish a remedy for an aggrieved civil service employee, who does not receive a promotion, § 206 (a) (4) of the charter specifically provides that the civil service commission shall hear "appeals . . . concerning promotions . . . ." The plaintiff, dissatisfied with his promotion to a position subordinate to the positions awarded to two other employees, had a right to appeal to the civil service commission regarding these promotions under § 206 (a) (4).

The plaintiff also argues that because the charter does not detail, with specificity, a procedure for filing the appeal, he is not required to appeal to the civil service commission prior to resorting to the courts. The exhaustion of administrative remedies doctrine, however, requires that an administrative forum have the capability of providing the plaintiff with a remedy through an administrative proceeding. See *Drumm* v. *Brown*, supra, 245 Conn. 676. The charter need not outline a specific procedure for the filing of an appeal. It is sufficient that the civil service commission, upon receipt and consideration of the plaintiff's appeal, could furnish a remedy to the plaintiff. Because the charter did not provide a specific procedure or form, we see no impediment to the plaintiff's initiating a request for an administrative remedy by a simple letter detailing his grievance.

The plaintiff also claims that the charter does not mandate that an aggrieved civil service employee *must*

appeal to the civil service commission, and, therefore, his failure to appeal did not violate the exhaustion of administrative remedies doctrine. We conclude, however, that even if the charter does not contain mandatory language, the plaintiff is not excused from exhausting his administrative remedies prior to resorting to the court. In *Neiman* v. *Yale University,* supra, 270 Conn. 257–58, our Supreme Court noted that the absence of mandatory language requiring an employee to file a grievance did not mean that the plaintiff could ignore the available administrative remedy and resort first to the court for resolution of her grievance. Instead, the lack of mandatory language meant that the plaintiff could either (1) forgo the administrative remedy and accept the defendant's decision or (2) use the available administrative remedy before resorting to the courts. Id., 258.

In the present case, the plaintiff, by contesting the defendant's decision to promote two individuals to higher ranking positions, declined to forgo the appeal procedure and, therefore, was required to appeal to the civil service commission before commencing litigation in the court. Because he did not invoke the remedy set forth in § 206 (a) (4) of the charter, we conclude that the plaintiff failed to exhaust his administrative remedies before bringing suit, and this failure deprived the court of subject matter jurisdiction.

The plaintiff further claims that the futility exception to the exhaustion of administrative remedies doctrine is applicable in the present case. We disagree.

"One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. . . . It is well established that [a]n administrative remedy is futile or inadequate if the agency is without authority to grant the requested relief. . . . It is futile to seek a remedy

only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." (Citations omitted; internal quotation marks omitted.) Id., 258–59.

The plaintiff claims that employing the appeal procedure in § 206 (a) (4) would have been futile because the civil service commission would have ignored or dismissed his appeal. We have nothing in the record before us that suggests that the filing of an appeal with the civil service commission would have been futile. In the absence of any such record evidence, we conclude that the plaintiff has failed to show how the futility exception applies, and, therefore, the plaintiff was not excused from exhausting the available administrative remedies before resorting to the courts.

Accordingly, we conclude that the court, lacking subject matter jurisdiction to consider the merits of the plaintiff's claim, properly granted the defendant's motion to dismiss for failure to exhaust administrative remedies.

The judgment is affirmed.

In this opinion the other judges concurred.