******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES COLEMAN *v.* COMMISSIONER
OF CORRECTION
(AC 33828)
(AC 33829)

Bear, Sheldon and Flynn, Js.

*Submitted on briefs February 19—officially released April 22, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Schuman, J.)

*Joseph Visone*, assigned counsel, filed a brief for the
appellant (petitioner).

*Michael Dearington*, state's attorney, *James A. Killen*, senior assistant state's attorney, and *David Clifton*,
assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charles Coleman, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing count seven of his amended petition for a writ of habeas corpus. The petitioner alleged in count seven of his amended petition that he received ineffective assistance from Kathleen Berry, his court-appointed counsel in two prior habeas cases, who sought and was allowed to withdraw from both cases under *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Practice Book § 23-41. We conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal with respect to this count because the claims in this count are precluded by the doctrine of res judicata. Accordingly, we dismiss the petitioner's appeals.

The applicable standard of review is well established and "requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits." *Key* v. *Commissioner of Correction*, 106 Conn. App. 211, 212, 942 A.2d 417, cert. denied, 287 Conn. 904, 947 A.2d 342 (2008). The factual and procedural history of the petitioner's criminal case and prior habeas cases is lengthy and well documented. See *Coleman* v. *Commissioner of Correction*, United States District Court, Docket No. 2:91-CV0005 (PCD) (D. Conn. December 30, 1991), aff'd, 969 F.2d 1041 (2d Cir. 1992); *Coleman* v. *Commissioner of Correction*, 274 Conn. 422, 876 A.2d 533 (2005); *State* v. *Coleman*, 251 Conn. 249, 741 A.2d 1 (1999), cert. denied, 529 U.S. 1061, 120 S. Ct. 1570, 146 L. Ed. 2d 473 (2000); *State* v. *Coleman*, 242 Conn. 523, 700 A.2d 14 (1997); *State* v. *Coleman*, 241 Conn. 784, 699 A.2d 91 (1997); *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008); *Coleman* v. *Commissioner of Correction*, 99 Conn. App. 310, 913 A.2d 477, cert. denied, 281 Conn. 924, 918 A.2d 275 (2007); *State* v. *Coleman*, 38 Conn. App. 531, 662 A.2d 150, cert. denied, 235 Conn. 906, 665 A.2d 903 (1995); *State* v. *Coleman*, 17 Conn. App. 307, 552 A.2d 442 (1989).

Of direct relevance to our conclusion that the habeas court did not abuse its discretion in denying the petition for certification to appeal on the ground that the petitioner's claims in count seven are subject to the doctrine of res judicata is *Coleman* v. *Commissioner of Correction*, supra, 274 Conn. 425, in which the petitioner claimed that the court in a prior habeas proceeding "abused its discretion in [1] denying his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus because he was denied his constitutional right to counsel at the habeas proceeding when Berry was allowed to withdraw . . . [and 2]

granting the motion to withdraw." Our Supreme Court disagreed with the petitioner, holding: "After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. . . . Accordingly, the appeal should be dismissed as frivolous." (Citations omitted.) Id., 426; see also *Coleman* v. *Commissioner of Correction*, supra, 99 Conn. App. 315 (applying foregoing holding in dismissing petitioner's appeal following denial of petition for certification to appeal, where petitioner made same claim and habeas case at issue was second habeas case from which Berry was allowed to withdraw).

"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies . . . to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding. . . . [A] second petition alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts or proffers new evidence not reasonably available at the time of the earlier petition." (Citation omitted; internal quotation marks omitted.) *Campbell* v. *Commissioner of Correction*, 121 Conn. App. 576, 579, 997 A.2d 543 (2010).

In granting the motion to dismiss filed by the respondent, the Commissioner of Correction, as to count seven of the amended petition, the court concluded: "Count seven alleges ineffective assistance against Attorney Kathleen Berry, who was the petitioner's first habeas attorney prior to her withdrawal under *Anders*. Under the Practice Book, when Attorney Berry filed an *Anders* brief, she was obliged to examine all potential claims. Practice Book § 23-41 (b). She submitted an *Anders* brief, and that was approved by the trial court, presumably on the ground that she had examined all potential claims and found none had any merit. This decision by, I think it was Judge White, was affirmed by the Appellate Court.

"And so there have been two judicial findings that Attorney Berry raised all potential claims and found no merit in any of them. This inquiry is more thorough

than whether an attorney has rendered effective assistance of counsel because counsel is not obliged ordinarily to raise every conceivable claim as Attorney Berry was under the *Anders* standard. So, essentially, this is res judicata because the effectiveness and performance of Attorney Berry has already been approved by the trial court and the Appellate Court."

We agree. The petitioner argues in his brief that the court abused its discretion because it dismissed count seven without first holding an evidentiary hearing, which would have turned the question of whether he "may have been able to prove his claim that . . . Berry did not provide [him] with effective assistance of counsel when she filed the *Anders* motion" into one that is debatable among jurists of reason. This court and our Supreme Court held in the aforementioned decisions, however, that there was no abuse of discretion in denying the petitioner's prior petitions for certification to appeal following the dismissals of his prior petitions for writs of habeas corpus, in which he claimed, inter alia, that he was deprived of effective assistance of counsel due to Berry's withdrawal. The petitioner thus seeks to relitigate a claim that he has litigated before the three constitutional courts in this state. We conclude for the foregoing reasons that the habeas court properly determined that the doctrine of res judicata precludes him from doing so again, and we accordingly hold that the court did not abuse its discretion in denying the present petition for certification to appeal with respect to count seven of the amended petition.

The appeals are dismissed.