******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY OLIPHANT *v.* COMMISSIONER
OF CORRECTION
(AC 37028)

Gruendel, Lavine and Mullins, Js.

*Argued September 17—officially released November 10, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*Albert J. Oneto IV*, assigned counsel, with whom, on
the brief, was *David B. Rozwaski*, assigned counsel,
for the appellant (petitioner).

*Leon F. Dalbec*, *Jr.*, senior assistant state's attorney,
with whom, on the brief, were *Michael Dearington*,
state's attorney, and *Adrienne Maciulewski*, deputy
assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Anthony Oliphant, appeals to this court for the fifth time since he was convicted of larceny in 1995.[1] The present appeal follows the habeas court's denial of the petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus (2011 petition). On appeal, the petitioner claims that the habeas court, *Fuger, J.,* (1) abused its discretion by denying his petition for certification to appeal and (2) improperly dismissed his 2011 petition.[2] We conclude that the petitioner's claims alleged in the 2011 petition are barred by the doctrine of res judicata and, therefore, that the habeas court did not abuse its discretion by denying certification to appeal. The appeal is dismissed.[3]

General Statutes § 52-470 (g) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant . . . petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

"Our Supreme Court has explained that one of the goals of [§ 52-470 (g)] is to limit the number of appeals filed in criminal cases and to hasten the conclusion of the criminal justice process. . . . Additionally, § 52-470 [g] acts as a limitation on the scope of review, and not the jurisdiction, of the appellate tribunal." (Citation omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011). The petitioner has tested the limits of § 52-470 (g).[4]

When a habeas court denies a petition for certification to appeal, "a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) *Logan* v. *Commissioner of Correction,* supra, 125 Conn. App. 750–51.

To prevail on a denial of certification claim, the petitioner must "demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion

through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion [a reviewing court] necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis in original; internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 143 Conn. App. 274, 285, 68 A.3d 1184, cert. denied, 310 Conn. 903, 75 A.3d 30 (2013).

The present appeal stems from the petitioner's 1995 conviction of one count of defrauding a public community in violation of General Statutes § 53a-122 (a) (4) (larceny case). This court affirmed the judgment of conviction. See *State* v. *Oliphant*, 47 Conn. App. 271, 272, 702 A.2d 1206 (1997), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998). As a consequence of that conviction, the petitioner was sentenced to a term of fifteen years in the custody of the respondent, the Commissioner of Correction. The petitioner's sentence was suspended, and he began a period of probation on August 30, 2002. He was arrested on October 6, 2006, and charged with multiple crimes. *State* v. *Oliphant*, 115 Conn. App. 542, 544–45, 973 A.2d 147, cert. denied, 293 Conn. 912, 978 A.2d 1113 (2009). Following a violation of probation hearing, the trial court, *Vitale, J.*, found that the petitioner had violated the terms of his probation, revoked his probation, and sentenced him to a term of six and one-half years in the custody of the respondent. Id., 547. This court affirmed the violation of probation judgment. Id., 555.

At both the larceny trial and violation of probation hearing, the petitioner rejected the assistance of the public defenders appointed to represent him. See id., 548; *State* v. *Oliphant*, supra, 47 Conn. App. 273. At his larceny trial, the petitioner requested that the trial court, *Gaffney, J.*, appoint substitute counsel. *State* v. *Oliphant*, supra, 47 Conn. App. 273. Judge Gaffney denied the petitioner's request, and the petitioner stated that he wished to represent himself. Id. Attorney Michael Moscowitz, the petitioner's appointed counsel, informed the court that he had discussed self-representation with the petitioner and that he was not certain that the petitioner appreciated the amount of prison time he was facing, if convicted. Id., 273 n.2. Moscowitz asked the court to order a competency evaluation of the petitioner; the court declined to do so. After canvassing the petitioner, the court granted his request to represent himself and appointed Moscowitz as standby counsel. Id. On appeal from the larceny conviction, the petitioner claimed that the canvass Judge Gaffney conducted was insufficient pursuant to Practice Book § 961, now § 44-3. Id., 276. This court determined, however, that the trial court's canvass was adequate and that the court properly accepted the petitioner's waiver

of the right to counsel. Id., 280. At his probation revocation hearing, the petitioner again was dissatisfied with the public defender appointed to represent him and asked to be permitted to represent himself. "The court [*Vitale, J.*] found, after an extensive canvass of the [petitioner], that he was competent to waive counsel and that his waiver was knowing, intelligent and voluntary." *State* v. *Oliphant*, supra, 115 Conn. App. 548.

Meanwhile, after his larceny conviction was affirmed, the petitioner, as a self-represented party, filed seriatim three petitions for a writ of habeas corpus, which were consolidated. *Oliphant* v. *Commissioner of Correction*, 146 Conn. App., 499, 508–509, 79 A.3d 77, cert. denied, 310 Conn. 963, 83 A.3d 346 (2013). Attorney Rosemarie T. Weber, appointed counsel, filed a second amended consolidated petition and, for health reasons, a motion to withdraw. Id., 509. The habeas court, *A. Santos, J.*, granted Weber's motion to withdraw but declined to act on the second amended consolidated petition because the petitioner claimed that the allegations were incomplete. Id. On September 9, 2008, the self-represented petitioner filed yet another petition for a writ of habeas corpus. Id. In response to the 2008 petition, the court, *Nazzaro, J.*, issued an order in which it "recited the petitioner's larceny conviction and probation violation and related histories and identified the allegations of the petition. [Judge Nazzaro] noted the consolidated petition then pending in the court and noted also that the allegations in the September 9, 2008 petition were duplicative or that they arose out of the same set of facts and underlying conviction and probation violation." Id., 509–10. The court ordered the 2008 petition consolidated with the previously consolidated petitions for a writ of habeas corpus and also that the petitioner "refrain from filing additional petitions arising out of the subject larceny conviction or violation of probation." Id., 510.

Following Weber's withdrawal, Attorney Robert J. McKay was appointed to represent the petitioner. Id. On February 16, 2010, McKay filed a motion for permission to withdraw as counsel along with an *Anders* brief[5] under seal. Id.; see Practice Book § 23-41.[6] In his *Anders* brief, McKay stated that he had conducted a thorough review of voluminous documents and transcripts related to the petitioner's convictions and found that each and every issue proposed by the petitioner within the pending consolidated petition either previously had been litigated and/or was without merit and wholly frivolous. *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 518–19. The petitioner objected to McKay's motion to withdraw. Id., 510–11. The habeas court, *Sferrazza, J.*, granted McKay's motion to withdraw and stated in a memorandum of decision filed February 15, 2011, that it had "reviewed counsel's motion and supporting memorandum and documentation, including the transcripts of the petitioner's crimi-

nal trial and violation of probation hearing, as well as the documentation submitted by the petitioner, and concludes that there are no nonfrivolous issues to be tried." *Oliphant* v. *Warden*, 53 Conn. Supp. 194, 197, 80 A.3d 597 (2011), aff'd, 146 Conn. App., 499, 79 A.3d 77, cert. denied, 310 Conn. 963, 83 A.3d 346 (2013).

On July 1, 2011, the parties appeared before the habeas court, *T. Santos, J.*, for a hearing to show cause. See Practice Book § 23-42. "The purpose of the show cause hearing was to provide the petitioner an opportunity to demonstrate and explain why the issues that he raised in his consolidated petition were not wholly frivolous. At the conclusion of the show cause hearing, Judge [T.] Santos ruled that '[i]t seems appropriate for the court to dismiss this [petition] as either heard, res judicata or on these various other grounds that were stated not only in the return of the [respondent], but also in the pretrial brief.' The petition therefore was dismissed pursuant to Practice Book § 23-29 (5)." *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 512–13. Although Judge T. Santos denied the petition for certification to appeal, the petitioner appealed to this court, claiming that Judge T. Santos had abused her discretion in denying his petition for certification to appeal.[7] Id., 501.

With respect to his claim that Judge T. Santos abused her discretion by denying his petition for certification to appeal, the petitioner argued that McKay failed to "[*look*] *for evidence outside the record* that the petitioner was incompetent to waive his right to counsel during the larceny trial and to represent himself at the violation of probation hearing." (Emphasis added.) Id., 515. Although the record on appeal was inadequate to determine McKay's rationale for failing to look outside the record, this court undertook an extensive review of the claim as a matter of law. Id., 518. In doing so, this court cited Judge Sferrazza's memorandum of decision and stated that "[a]lthough the petitioner claims that McKay should have looked for evidence outside the record that he was incompetent to represent himself at the 1995 larceny trial and during the violation of probation hearing, the petitioner has cited no law requiring his counsel to look beyond the record. Although he claims that both *Anders* and *State* v. *Pascucci*, 161 Conn. 382, 288 A.2d 408 (1971), require counsel seeking to withdraw to look beyond the record, he has failed to cite any language from either of those opinions to that effect. To the contrary, *Anders* requires a conscientious *review of the record*. See *Anders* v. *California*, [386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)]; see also *State* v. *Pascucci*, [supra, 385]; *Lorthe* v. *Commissioner of Correction*, [103 Conn. App. 662, 674, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007)]. Moreover, despite his claim that he was not competent to represent himself, the petitioner, on appeal here, has not identified any document or

record to support his claim that he was incompetent."[8] (Emphasis in original; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 521.

The petitioner also claimed that Judge T. Santos "erroneously found at the conclusion of the show cause hearing that all of the claims he had raised were frivolous"; id., 525; because there were triable issues regarding the denial of the presumption of innocence at his larceny trial. Id., 526. More specifically, "he was denied the presumption of innocence at his larceny trial because he was required to wear shackles during jury selection and to appear one day in court wearing prison garb." Id., 527. Judge Gaffney's order that "the petitioner be shackled during jury selection was addressed and rejected by this court in *Oliphant* v. *Commissioner of Correction*, [80 Conn. App. 613, 614–18, 836 A.2d 471 (2003), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004)]." *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 527. That portion of the petitioner's triable issues claim, therefore, was barred by the doctrine of res judicata. Id. As to his claim that one day during his larceny trial he was required to wear prison garb before the jury, this court found that the petitioner had failed to raise that claim in his consolidated petition and that a habeas court is not required to consider claims not alleged.[9] Id., 528. This court, therefore, concluded that Judge T. Santos properly dismissed the consolidated petition for a writ of habeas corpus. Id.

With this lengthy background in mind, we turn to the procedural history regarding the present appeal. On October 28, 2011, while the appeal of the consolidated petitions was pending in this court, the petitioner, again self-represented, filed a petition for a writ of habeas corpus alleging that his 1995 larceny conviction was illegal in that the criminal charges against him constituted an abuse of authority and prosecutorial misconduct in retaliation for his having commenced three federal lawsuits against the city of Meriden. The petitioner asserted that the claim had never been raised in a prior state habeas petition. On December 29, 2013, after the petitioner had completed serving his sentences for both the larceny conviction and violation of probation, he filed an amended two count petition, which Judge Fuger dismissed. Only the allegations of the second count are at issue in the present appeal.

In the second count of the 2011 petition, the petitioner alleged that McKay had failed to investigate adequately the petitioner's claims before filing his motion to withdraw and *Anders* brief. The petitioner claimed that had McKay adequately investigated his mental incompetence and presented the results of his investigation to Judge Sferrazza or Judge T. Santos, those judges would not have permitted McKay to withdraw his appearance

and the petitioner's larceny conviction and violation of probation would have been voided. He also alleged that if McKay had adequately investigated the record, McKay would have discovered that the petitioner had a meritorious claim that he unlawfully had been permitted to appear before the jury in prison garb during his larceny trial.

The habeas court, *Hon. George Levine*, judge trial referee, held a pretrial conference on January 19, 2014, and sua sponte dismissed the 2011 petition. Judge Levine subsequently vacated the dismissal and ordered the parties to file briefs as to why the 2011 petition should not be dismissed pursuant to Practice Book § 23-29 (3) and (5). In his brief, the petitioner argued that his claims were justiciable and should be heard by the habeas court. The respondent argued that the habeas court should exercise its discretion and dismiss the petition as an abuse of the writ.

The parties appeared before Judge Fuger for oral argument, after which the court issued an oral ruling dismissing the 2011 petition. The court stated: "This matter has been litigated. It is res judicata. I am satisfied that this issue was adequately presented to Judge Sferrazza [and] Judge [T.] Santos, [and] was affirmed by the Appellate Court in *Oliphant* v. *Commissioner of Correction*, [supra, 146 Conn. App. 499]. This matter has been litigated fully. There are no further issues remaining. As a result, the petition is dismissed."

Thereafter Judge Fuger articulated that "[t]his court dismissed the petition on the ground of res judicata. Although the court did not identify the specific subsection of Practice Book § 23-29 which provided the basis for the dismissal, the court now articulates that the applicable subsection was § 23-29 (3). *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 229–37, 965 A.2d 608 (2009)." Judge Fuger further articulated that he "had reviewed the entire matter, said review showing that the petitioner on more than one prior occasion challenged his original convictions, which resulted from a criminal trial in which the petitioner represented himself with the benefit of standby counsel. The petitioner has previously litigated a claim that standby counsel was ineffective. *Oliphant* v. *Commissioner of Correction*, [supra, 146 Conn. App. 499]; *State* v. *Oliphant*, [supra, 47 Conn. App. 271]." Judge Fuger also denied the petition for certification to appeal. Nonetheless, the petitioner appealed.

The petitioner, represented by counsel on appeal, claims that Judge Fuger abused his discretion by denying the petition for certification to appeal. We disagree.

Judge Fuger dismissed the 2011 petition pursuant to Practice Book § 23-29 (3), which provides that the court may dismiss the petition if it determines that "the petition presents the same ground as a prior petition pre-

viously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . .”

“The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings.” (Internal quotation marks omitted.) *McGee* v. *Commissioner of Correction*, 157 Conn. App. 863, 873, 118 A.3d 140, cert. denied, 318 Conn. 903,     A.3d     (2015). “The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made *or which might have been made.* . . . A cause of action is that single group of facts that is claimed to have brought about an unlawful injury to the plaintiff and that entitles the plaintiff to relief.” (Citation omitted; emphasis in original; internal quotation marks omitted.) *Pierce* v. *Commissioner of Correction*, 158 Conn. App. 288, 306–307, 118 A.3d 640, cert. denied, 318 Conn. 907,     A.3d     (2015).

“The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel . . . is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

“An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered.” (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 772–73, 770 A.2d 1 (2001).

“The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judg-

ments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Internal quotation marks omitted.) *Isaac* v. *Truck Service, Inc.*, 253 Conn. 416, 422–23, 752 A.2d 509 (2000).

In the 2011 petition, the petitioner alleged that McKay rendered ineffective assistance of habeas counsel by filing a motion to withdraw as counsel and an accompanying *Anders* brief representing that the subject petition alleged no nonfrivolous claims because McKay failed to look outside the record. On appeal, the petitioner claims that Judge Fuger abused his discretion by dismissing the subject petition as res judicata pursuant to Practice Book § 23-29 (3). The flaw in the petitioner's claim is that in adjudicating McKay's motion to withdraw, Judge Sferrazza necessarily had to review the entire record and determine whether McKay adequately investigated the record to determine whether there were no nonfrivolous claims. Moreover, following the show cause hearing, Judge T. Santos stated that she, too, had reviewed the record and determined that there were no nonfrivolous claims. That, however, was not the end of the matter. The petitioner appealed to this court, which dismissed the appeal, stating: "[W]e have undertaken a thorough review of Judge Sferrazza's memorandum of decision in granting McKay's motion to withdraw and the pleadings, transcripts in the record before us as well as the three decision from this court concerning the petitioner's prior appeal. On the basis of our review of the record and the briefs, we conclude that Judge Sferrazza properly granted McKay's motion to withdraw . . . ." *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 516 n.23. The issue of whether McKay rendered adequate representation as habeas counsel, therefore, was litigated pursuant to his motion to withdraw.

The issue presented here is similar to the one this court addressed in *Coleman* v. *Commissioner of Correction*, 149 Conn. App. 719, 87 A.3d 1208, cert. denied, 312 Conn. 905, 93 A.3d 156 (2014). In *Coleman*, the petitioner, Charles Coleman, challenged the dismissal of "his petition for certification to appeal from the judgment of the habeas court dismissing count seven of his amended petition for a writ of habeas corpus." Id., 720–21. Coleman alleged in count seven that his court-appointed counsel, Kathleen Berry, had rendered ineffective assistance in two prior habeas cases. Id., 721. Berry had been permitted "to withdraw from both cases under *Anders* v. *California*, [supra, 386 U.S. 738] and Practice Book § 23-41." Id.

In rendering its decision in *Coleman*, this court stated: "Of direct relevance to our conclusion that the habeas court did not abuse its discretion in denying the petition for certification to appeal on the ground that [Coleman's] claims in count seven are subject to the

doctrine of res judicata is *Coleman* v. *Commissioner of Correction*, [274 Conn. 422, 876 A.2d 533 (2005)] in which [Coleman] claimed that the court in a prior habeas proceeding abused its discretion in [1] denying his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus because he was denied his constitutional right to counsel at the habeas proceeding when Berry was allowed to withdraw . . . [and 2] granting the motion to withdraw." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, supra, 149 Conn. App. 722.

This court agreed with the habeas court in *Coleman*, which stated in dismissing the habeas petition: "And so there have been two judicial findings that Attorney Berry raised all potential claims and found no merit in any of them. This inquiry is more thorough than whether an attorney has rendered effective assistance of counsel because counsel is not obligated ordinarily to raise every conceivable claim as Attorney Berry was under the *Anders* standard. So, essentially, this is res judicata because the effectiveness and performance of Attorney Berry has already been approved by the trial court and the Appellate Court." Id., 723–24.

In this case as well, Judge Sferrazza, Judge T. Santos, and this court previously determined that McKay did not render ineffective assistance of habeas counsel in filing a motion to withdraw. The claim is res judicata, and therefore, Judge Fuger did not abuse his discretion by denying certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] See *Oliphant* v. *Commissioner of Correction*, 146 Conn. App. 499, 79 A.3d 77 (dismissing appeal related to consolidated petition), cert. denied, 310 Conn. 963, 83 A.3d 346 (2013); *State* v. *Oliphant*, 115 Conn. App. 542, 973 A.2d 147 (affirming judgment revoking probation), cert. denied, 293 Conn. 912, 978 A.2d 1113 (2009); *Oliphant* v. *Commissioner of Correction*, 80 Conn. App. 613, 836 A.2d 471 (2003) (affirming dismissal of petition for writ of habeas corpus), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004); *State* v. *Oliphant*, 47 Conn. App. 271, 702 A.2d 1206 (1997) (affirming judgment of conviction for larceny in first degree), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998). The underlying facts and procedural histories of each of the petitioner's prior appeals are set forth in the opinions cited. In this opinion, we recite only the facts and procedural history relevant to the resolution of the present appeal.

[2] In his brief, the petitioner argues that Judge Fuger improperly denied his 2011 petition, as there are three justiciable issues that have not yet been litigated. He also argues that Attorney Robert J. McKay, appointed habeas counsel, failed to investigate evidence outside the record that the petitioner was incompetent to represent himself at his 1995 larceny trial and 2007 violation of probation hearing and that the petitioner was permitted to appear before the larceny trial jury in prison garb.

[3] During the pendency of the present appeal, the petitioner finished serving both the larceny conviction sentence and the violation of probation sentence. In his brief, the petitioner states, in part, that he is pursuing the present appeal "to cleanse himself of the stigma of [his] conviction."

[4] The petitioner as a self-represented party has filed numerous state and federal petitions for a writ of habeas corpus. See *Oliphant* v. *Commissioner of Correction*, 146 Conn. App. 499, 501, 79 A.3d 77 (at that time, petitioner had filed thirteen petitions in the trial court by his reckoning), cert. denied, 310 Conn. 963, 83 A.3d 346 (2013).

[5] See *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d

493 (1967).

[6] Practice Book § 23-41 provides in relevant part: "(a) When counsel has been appointed pursuant to Section 23-26, and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case.

"(b) At the time such motion is filed, counsel for the petitioner shall also file all relevant portions of the record of the criminal case, direct appeal and any postconviction proceedings not already filed together with a memorandum of law . . . ."

[7] The petitioner claimed specifically that Judge T. Santos abused her discretion by denying his petition for certification to appeal as "(1) the motion to withdraw pursuant to an *Anders* brief filed by [McKay] was granted improperly, (2) his constitutional rights were violated by the courts' failure to appoint substitute habeas counsel and to grant him access to a law library, and (3) there are triable issues concerning (a) newly discovered evidence and his actual innocence, (b) loss of statutory good time credit, and (c) denial of the presumption of innocence." (Footnote omitted.) *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 501–502.

[8] The petitioner alleged, without documentation, that he was diagnosed with post-traumatic stress disorder, but he provided no legal or medical authority that such a diagnosis rendered him incompetent to stand trial or to represent himself. *Oliphant* v. *Commissioner of Correction*, supra, 146 Conn. App. 521 n.25.

[9] The petitioner's claims regarding shackles and prison garb are intertwined and fall within a claim regarding the presumption of innocence. The following colloquy transpired during jury selection in the larceny case:

"The Court: Are we ready to proceed with jury selection?

"[The Petitioner]: No, Your Honor. I would like to address the court, Your Honor.

"The Court: All right.

"[The Petitioner]: Your Honor, regarding the shackles, is one issue. And another issue was my clothing. At the present time I would like to ask for a continuance due to the fact that I wasn't allowed to get my, wear something other than this here. It's going to prejudice my case. This is a bad look with the shackles on, sir. Then, with this uniform.

"The Court: Mr. Oliphant, the information brought to my attention is that you caused a big problem at the jail, delayed your departure here by some forty-five minutes. And were generally obstreperous. You will wear what you have on now and the shackles will remain. I should indicate that I conferred with Captain Leonard. And he is recommending that they remain."

"A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) *Bridges* v. *Commissioner of Correction*, 97 Conn. App. 119, 122, 905 A.2d 103, cert. denied, 280 Conn. 921, 908 A.2d 543 (2006); but see *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 234, 965 A.2d 608 (2009) (if previous application brought on same grounds was denied, pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at previous hearing).