## STATE OF CONNECTICUT *v.* CHARLES COLEMAN
## (SC 15515)

Callahan, C. J., and Borden, Katz, McDonald and Peters, Js.

Argued April 29—officially released July 22, 1997

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John Waddock*, assistant state's attorney, for the appellant (state).

*Richard Emanuel*, assistant public defender, for the appellee (defendant).

*Opinion*

MCDONALD, J. The sole issue raised in this certified appeal is whether, under the circumstances of this case, the trial court improperly admitted into evidence testimony concerning four knives, as well as the knives themselves as the Appellate Court concluded. The defendant, Charles Coleman, was convicted after a jury trial of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), burglary in the second degree in violation of General Statutes § 53a-102 (a), sexual assault in the first degree in violation of General Statutes (Rev. to 1985) § 53a-70 (a), and unlawful restraint in the first degree in violation of General Statutes (Rev. to 1985) § 53a-95 (a).[1] We granted the state's petition

[1] General Statutes § 53a-101 provides in relevant part: "(a) A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . (2) in the

for certification to appeal[2] to this court from the judgment of the Appellate Court, which had reversed the judgment of conviction.[3] See *State* v. *Coleman*, 42 Conn. App. 78, 679 A.2d 950 (1996).

On appeal to this court, the state claims that the Appellate Court improperly concluded that the trial court should not have admitted evidence regarding the knives found in the defendant's vehicle and on his per-

---

course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone. . . ."

General Statutes § 53a-102 provides in relevant part: "(a) A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein. . . ."

General Statutes (Rev. to 1985) § 53a-70 provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person. . . ."

General Statutes (Rev. to 1985) § 53a-95 provides in relevant part: "(a) A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury. . . ."

[2] We granted certification limited to the following issues: (1) "Did the Appellate Court properly conclude that the trial court improperly admitted certain knives into evidence?" and (2) "If the answer to question 1. is yes, was the error harmful?" *State* v. *Coleman*, 239 Conn. 913, 682 A.2d 1007 (1996).

Our resolution of the first certified issue renders consideration of the second issue unnecessary.

[3] On appeal to the Appellate Court, the defendant raised five issues including "that (1) the evidence was insufficient to establish his guilt of the crimes charged, (2) the trial court improperly admitted into evidence certain items that were never connected to the commission of the crimes charged, (3) his rights were violated by the convictions of second degree robbery and unlawful restraint in the first degree, (4) the trial court improperly charged the jury regarding burglary in the first degree and the definition of reasonable doubt, and (5) his rights were violated by the destruction of physical evidence." *State* v. *Coleman*, 42 Conn. App. 78, 80, 679 A.2d 950 (1996). The Appellate Court determined that the evidence was sufficient to establish guilt. Because, however, it determined that the evidence concerning the knives improperly had been admitted, it did not reach the remainder of the issues raised by the defendant.

son at the time of his arrest. We agree with the state and reverse the judgment of the Appellate Court.

There was evidence before the jury that the victim lived with her mother on the first floor of a two-family house in New Haven. "In the early morning hours of July 7, 1986, the victim was awakened by an assailant, who put his hand over her mouth. The assailant told the victim that if she did not do what he said, her mother would be harmed." Id., 80–81. The assailant then had sexual intercourse with the victim against her will.

After her assailant had left, the victim "checked the doors and windows of the house. She noticed that the doors to the house were still locked, as they had been before she went to bed. The victim also noticed that the window in the living room was wide open, even though the screen had been down and in the locked position when she went to bed." Id., 81.

When the police arrived, "they processed the scene for fingerprints, and found seven latent fingerprints on the windowsills of the window of entry and the victim's bedroom window." Id., 81. Two of the fingerprints found on the exterior of the bedroom window were identified as being those of the middle and ring fingers of the defendant's right hand.[4] Additionally, the police found that the window screens in the living room had been sliced on both sides with a sharp cutting instrument, and the assailant had reached through the slices in the screen in order to unlatch the locks and gain entry to the apartment.

The defendant was arrested the following day, July 8, 1986, in connection with this incident. At the time of the defendant's arrest, he was sitting in his car and was carrying a knife. That knife was seized by the police,

---

[4] These were the only fingerprints from which a positive identification could be made.

who, acting pursuant to a search warrant, subsequently seized three more knives from the defendant's automobile. At trial, the state sought to introduce evidence of the four knives claiming that they demonstrated that the defendant had the means with which to have cut the victim's window screens, and could thereby have reached in with his fingers to unlatch the locks and enter the victim's apartment. The defendant objected to the admission of any evidence regarding the knives, claiming that the evidence was irrelevant and more prejudicial than probative. The trial court overruled the objection, ruling that the evidence was relevant to establish the means of entry and that the objections were more suited to the weight of the evidence than to its admissibility.

The evidence admitted with respect to the four knives was the testimony of the officer who had executed the search warrant, Detective James Stephenson, and a stipulation regarding the testimony of the arresting officer, Detective Ray Della Camera.[5] Additionally, the knives themselves were introduced as exhibits.

We begin our analysis with the well established laws of evidence. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in

[5] The stipulation provided in relevant part: "Number one, that the state's next witness would be Detective Ray Della Camera of the New Haven Police Department.

"Number two, that Detective Della Camera is presently out of state, unavailable, and it is agreed between counsel that, if available to testify, Detective Della Camera would indicate the following:

"(a) that on July 8, 1986 at approximately 2 a.m., he took the defendant . . . into custody pursuant to an arrest warrant,

"(b) that this arrest occurred . . . while [the defendant] was seated in his car, and . . .

"(f) that . . . at the time of his arrest the defendant was searched and found to be in possession of a Hooked-built knife with a curved blade and wooden handle. . . ."

the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence *tend* to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Prioleau*, 235 Conn. 274, 305, 664 A.2d 743 (1995).

Further, "[t]he trial court has broad discretion in ruling on the admissibility [and relevancy] of evidence. *State* v. *Miller*, 202 Conn. 463, 482, 522 A.2d 249 (1987). The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. *State* v. *Avis*, 209 Conn. 290, 298, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989)." (Internal quotation marks omitted.) *State* v. *Bruno*, 236 Conn. 514, 549, 673 A.2d 1117 (1996). "We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." *State* v. *Kulmac*, 230 Conn. 43, 61, 644 A.2d 887 (1994).

Applying these principles to the facts of this case, we conclude that the Appellate Court improperly determined that the trial court should not have admitted the evidence concerning the four knives. Our review of the record persuades us that the trial court did not abuse its discretion when it determined that evidence regarding the knives was relevant to this case. The trial testimony indicated that the defendant had entered the victim's apartment by way of slits made in the window screen by a sharp cutting instrument. The state intro-

duced evidence of the knives to show that the defendant, twenty-two hours after the offense, had a number of sharp cutting instruments at his immediate disposal. "It is the generally accepted rule that in a case in which the defendant is charged with the offense of burglary, after proof of the burglary has been introduced the prosecution may show that the defendant had burglar tools or implements in his possession soon after the time of the commission of the offense and may introduce such tools or implements in evidence." *Sanders* v. *United States*, 238 F.2d 145, 147 (10th Cir. 1956); see also *State* v. *Thomas*, 205 Conn. 279, 283, 533 A.2d 553 (1987) (where victim bound by rope, testimony regarding clothesline in defendant's basement admissible to show defendant had access to rope); *State* v. *Miller*, supra, 202 Conn. 482 (where victim bound by handcuffs, evidence that handcuffs were used at defendant's workplace admissible to show defendant's access to handcuffs); *State* v. *Smith*, 198 Conn. 147, 157, 502 A.2d 874 (1985) (where defendant threatened victim with gun, evidence that gun with similar appearance was in defendant's possession shortly after crime admissible to show defendant's access to gun); *State* v. *Paoletto*, 181 Conn. 172, 185–86, 434 A.2d 954 (1980) (in burglary case where entry was gained by forcibly tearing down door of building, evidence of pry bar and screwdriver found in defendant's possession admissible to show defendant's access to type of burglary tools used). Accordingly, the Appellate Court improperly concluded that the evidence with respect to the knives was irrelevant.

Further, the trial court did not abuse its discretion when it determined that the evidence of the knives was more probative than prejudicial. We have recognized that even where evidence is relevant there are "four situations where prejudice to the defendant could outweigh the probative value of evidence. 'These are: (1)

where the facts offered may unduly arouse the jury's emotions, hostility or sympathy, (2) where the proof and answering evidence it provokes may create a side issue that will unduly distract the jury from the main issues, (3) where the evidence offered and the counterproof will consume an undue amount of time, and (4) where the defendant, having no reasonable ground to anticipate the evidence, is unfairly surprised and unprepared to meet it.' " *State* v. *Greene*, 209 Conn. 458, 478–79, 551 A.2d 1231 (1988); see also *State* v. *DeMatteo*, 186 Conn. 696, 702–703, 443 A.2d 915 (1982). None of these situations exists in this case. The state conceded in argument to the jury that the knives were relevant only to prove that the defendant had at his disposal the means to enter the victim's apartment. The state also conceded that it could not prove that any one of the knives was actually so used. The offer did not create a side issue or consume an undue amount of time. Furthermore, there was no surprise, because the defendant had knowledge from the time of their seizure that the state possessed the knives as evidence.

The defendant objected to the introduction of *any* evidence of the four knives, but failed to object specifically to the admission of any one of the four knives in particular as evidence and never made any distinct claim to any single knife. "This court will not consider claimed errors on the part of the trial court unless it appears that the question was distinctly raised at the trial and was ruled upon and decided by the court . . . ." *State* v. *Simms*, 170 Conn. 206, 208, 365 A.2d 821, cert. denied, 425 U.S. 954, 96 S. Ct. 1732, 48 L. Ed. 2d 199 (1976); see also Practice Book § 4061 (appellate court "not . . . bound to consider a claim unless it was distinctly raised at the trial"). We are constrained to review the actions of the trial judge in ruling on the objection as made at trial. "Our review of evidentiary rulings made by the trial court is limited to the specific

legal ground raised in the objection. . . . *State* v. *Weinberg*, 215 Conn. 231, 246, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990). . . . This court reviews rulings solely on the ground on which the party's objection is based. *State* v. *Manning*, 162 Conn. 112, 118, 291 A.2d 750 (1971). . . .'' (Citations omitted; internal quotation marks omitted.) *State* v. *Prioleau*, supra, 235 Conn. 310. The nature of the defendant's objection thus limits our review of the trial court's decision to the prejudicial effect of admission of evidence concerning the four knives. Accordingly, we do not address whether the trial court should have admitted into evidence testimony regarding any one of the knives, rather than the four knives themselves.

Under these circumstances, we cannot conclude, as did the Appellate Court, that the trial court abused its discretion in concluding that the evidence concerning the knives was relevant and more probative than prejudicial.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to consider the defendant's remaining claims on appeal.

In this opinion the other justices concurred.

