## STATE OF CONNECTICUT *v.* CHARLES W. COLEMAN (SC 15947)

Borden, Berdon, Palmer, McDonald and Peters, Js.*

Argued March 23—officially released November 30, 1999

---

* The listing of justices reflects their seniority status on this court as of the date of argument.

*Richard Emanuel*, special public defender, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Timothy J. Sugrue*, executive assistant state's attorney, *John Waddock*, senior assistant state's attorney, and *Susann E. Gill*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Charles Coleman, was convicted, after a jury trial, of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), burglary in the second degree in violation of General Statutes § 53a-102 (a), sexual assault in the first degree in violation of General Statutes (Rev. to 1985) § 53a-70 (a), and unlawful restraint in the first degree in violation of General Statutes (Rev. to 1985) § 53a-95. The Appellate Court originally reversed the judgment of conviction for what it perceived to be an evidentiary error by the trial court; *State* v. *Coleman*, 42 Conn. App. 78, 80, 679 A.2d 950 (1996); and, on a certified appeal from that judgment, we reversed the judgment of the Appellate Court and remanded the case to that court for consideration of the defendant's remaining claims. *State* v. *Coleman*, 241 Conn. 784, 792, 699 A.2d 91 (1997).

Following our remand, the Appellate Court reversed the trial court's judgment only as to the conviction of

burglary in the second degree, and affirmed the judgment in all other respects. *State* v. *Coleman*, 48 Conn. App. 260, 274, 709 A.2d 590 (1998). We then granted the defendant's certification to appeal from the judgment of the Appellate Court, limited to the following two issues: "1. Should this court review the defendant's challenge to the trial court's instructions that 'the law is made to protect society and innocent persons, and not to protect guilty ones?' " and "2. If the answer to the first question is yes, did the instructions violate the defendant's federal or state constitutional rights to have the jury adequately instructed regarding the presumption of innocence and the concept of reasonable doubt?" *State* v. *Coleman*, 245 Conn. 907, 718 A.2d 15 (1998). This certified appeal followed.

This case is controlled by our recently issued decision in *State* v. *Schiappa*, 248 Conn. 132, 167–77, 728 A.2d 466 (1999). In that case, we considered and rejected claims essentially identical to those presented by the certified questions in the present appeal.

The judgment of the Appellate Court is affirmed.

BERDON, J., dissenting. I would reverse the conviction of the defendant, Charles Coleman, on the ground that the trial court's jury instruction—"the law is made to protect society and innocent persons, and not to protect guilty ones"—was unconstitutional. As I explain in my dissent in *State* v. *Watson*, 251 Conn. 220, 244–49, 740 A.2d 832 (1999), this court's decision in *State* v. *Schiappa*, 248 Conn. 132, 728 A.2d 466 (1999), was wrongly decided.[1] Instead, this court should be guided by the reasoning set forth in the Second Circuit Court

---

[1] I was not assigned to sit on the panel for *Schiappa*, which was decided by a full court of seven justices (a senior justice was selected to complete the panel of seven). Nor was I assigned to the panel of five justices that decided *State* v. *Delvalle*, 250 Conn. 466, 736 A.2d 125 (1999).

of Appeals' decision in *United States* v. *Doyle*, 130 F.3d 532, 539 (2d Cir. 1997), and should hold that the challenged language of the jury instruction in this case "created a reasonable likelihood that the jury misunderstood the reasonable doubt standard and the presumption of innocence."

Accordingly, I dissent.