### CHARLES COLEMAN *v.* COMMISSIONER OF CORRECTION
### (SC 17390)

Sullivan, C. J., and Borden, Norcott, Palmer and Vertefeuille, Js.

Argued May 18—officially released July 12, 2005

*Lisa J. Steele*, special public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charles Coleman, appeals[1] following the denial of his petition for certification to appeal[2] from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims on appeal that the habeas court: (1) abused its discretion in denying his petition for certification to appeal; and (2) abused its discretion in granting the motion of the petitioner's counsel to withdraw pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to this appeal. The petitioner "was convicted after a jury trial of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), burglary in the second degree in violation of General Statutes § 53a-102 (a), sexual assault in the first degree in violation of General Statutes (Rev. to 1985) § 53a-70 (a), and

---

[1] The petitioner appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

unlawful restraint in the first degree in violation of General Statutes (Rev. to 1985) § 53a-95 (a)." *State* v. *Coleman*, 241 Conn. 784, 785, 699 A.2d 91 (1997). The convictions arose out of an incident that occurred on July 7, 1986, in which an assailant broke into a New Haven residence and sexually assaulted a woman. Id., 787. Upon investigation, the police "found seven latent fingerprints on the windowsills of the window of entry and the victim's bedroom window. Fingerprint number seven, showing the right middle and right ring fingers of the defendant with the fingers pointing inward, was taken from the exterior of the bedroom windowsill, which was not the window of entry. A positive identification of the defendant was made from fingerprint number seven." *State* v. *Coleman*, 42 Conn. App. 78, 81, 679 A.2d 950 (1996), rev'd, 241 Conn. 784, 699 A.2d 91 (1997).

The petitioner appealed from the judgment of conviction to the Appellate Court, which reversed the judgment of conviction and ordered a new trial on the ground that the trial court improperly had admitted certain evidence at trial. *State* v. *Coleman*, supra, 241 Conn. 786–87. We granted the state's petition for certification to appeal, reversed the judgment of the Appellate Court and remanded the case to that court for consideration of the petitioner's remaining claims on appeal. Id., 792. On remand, the Appellate Court vacated the petitioner's conviction of burglary in the second degree after the state conceded that the conviction was improper and affirmed his other convictions. *State* v. *Coleman*, 48 Conn. App. 260, 274, 709 A.2d 590 (1998). This court then granted the petitioner's petition for certification to appeal and affirmed the judgment of the Appellate Court. See *State* v. *Coleman*, 251 Conn. 249, 251, 741 A.2d 1 (1999), cert. denied, 529 U.S. 1061, 120 S. Ct. 1570, 146 L. Ed. 2d 473 (2000).

On December 15, 1997, while these direct appeals were pending, the petitioner filed a pro se petition for

a writ of habeas corpus in the Superior Court for the judicial district of Tolland. In support of the petition, the petitioner argued, inter alia, ineffective assistance of counsel. Specifically, he argued that his trial counsel, Thomas E. Farver and Mark Rademacher, inadequately had investigated the fingerprint evidence presented at trial. The habeas court appointed Kathleen O'Reilly Berry as the petitioner's special public defender in the habeas proceeding. Thereafter, Berry filed a motion to withdraw from the case pursuant to *Anders* v. *California*, supra, 386 U.S. 744, on the ground that there were no nonfrivolous grounds for the petition. In support of her motion, Berry represented to the court that she believed that Farver and Rademacher had investigated the fingerprint evidence adequately and had represented the petitioner effectively at trial. The habeas court, *Levine, J.*, granted the motion to withdraw but did not dismiss the habeas petition. Thereafter, the petitioner filed two written motions for appointed counsel and made one oral motion for appointed counsel, all of which were denied. After a two day evidentiary hearing, the habeas court, *White, J.*, dismissed the petition for writ of habeas corpus. The court determined that the petitioner's trial counsel had investigated adequately the fingerprint evidence introduced at trial and had provided competent and effective representation. The court subsequently denied the petitioner's petition for certification to appeal. This appeal followed.

The petitioner claims on appeal that the habeas court, *White, J.*, abused its discretion in denying his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus because he was denied his constitutional right to counsel at the habeas proceeding when Berry was allowed to withdraw. He further claims that the habeas court, *Levine, J.*, abused its discretion in granting the motion to withdraw.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Accordingly, the appeal should be dismissed as frivolous. *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.