CHARLES COLEMAN *v.* COMMISSIONER OF
CORRECTION
(AC 25636)

Flynn, C. J., and Schaller and McLachlan, Js.

Argued October 11, 2006—officially released January 23, 2007

Lisa J. Steele, special public defender, for the appellant (petitioner).

James A. Killen, senior assistant state's attorney, with whom, on the brief, were Michael Dearington, state's attorney, and Linda N. Howe, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Charles Coleman, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion by (1) denying his petition for certification to appeal, which challenged the habeas court's order allowing his attorney to withdraw over his objections, and (2) granting his attorney's motion for permission to withdraw. We dismiss the appeal.

The following facts and procedural history are relevant to this appeal. "Following a court trial, the [petitioner] was convicted of four counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), burglary in the second degree in violation of General Statutes § 53a-102, unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), and robbery in the third degree in violation of General Statutes §§ 53a-136 (a)

and 53a-133. The trial court rendered judgment sentencing the [petitioner] to an effective term of imprisonment of 110 years." *State* v. *Coleman*, 242 Conn. 523, 525–26, 700 A.2d 14 (1997). The petitioner's conviction of burglary in the second degree was later vacated. Id., 527.

The petitioner subsequently filed a petition for a writ of habeas corpus in which he claimed that his trial attorney, Thomas E. Farver, did not prepare for trial and withheld material evidence at trial. The habeas court, *Zarella, J.*, appointed Kathleen O'Reilly Berry as the petitioner's special public defender in the habeas proceedings. Thereafter, Berry filed a motion to withdraw from the case, pursuant to the provisions of Practice Book § 23-41,[1] on the ground that the petitioner's claims were frivolous. Berry included with the motion to withdraw a memorandum of law pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). On March 6, 2002, the habeas court, *Levine, J.*, found the petitioner's claims to be wholly without merit and granted the motion to withdraw. The habeas

[1] Practice Book § 23-41, entitled "Motion for Leave to Withdraw Appearance of Appointed Counsel," provides: "(a) When counsel has been appointed pursuant to Section 23-26, and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case.

"(b) Any motion for leave to withdraw shall be filed under seal and provided to the petitioner. Counsel shall serve opposing counsel with notice that a motion for leave to withdraw has been filed, but shall not serve opposing counsel with a copy of the motion or any memorandum of law. The petitioner shall have thirty days from the date the motion is filed to respond in writing.

"(c) The judicial authority may order counsel for the petitioner to file a memorandum outlining:

"(1) the claims raised by the petitioner or any other potential claims apparent in the case;

"(2) the efforts undertaken to investigate the factual basis and legal merit of the claim;

"(3) the factual and legal basis for the conclusion that the case is wholly frivolous."

court, however, did not dismiss the habeas petition. Rather, pursuant to Practice Book § 23-42 (a),[2] the case proceeded with the petitioner acting pro se. The petitioner's subsequent written and oral motions for the appointment of counsel were denied. The petitioner filed an amended petition, and the case proceeded to a hearing on the merits. At the conclusion of the hearing, the habeas court, *White, J.*, dismissed the petition. Judge White subsequently denied the petition for certification to appeal. This appeal followed.

We begin by noting our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). In order for us to conclude that the habeas court abused its discretion, the petitioner first must demonstrate "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

---

[2] Practice Book § 23-42, entitled "Judicial Action on Motion for Permission to Withdraw Appearance," provides: "(a) If the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner pro se. If the petition is not dismissed, the judge ruling on the motion to withdraw as counsel shall not preside at any subsequent hearing on the merits of the case."

Applying these principles, the petitioner argues that the issues regarding the reviewability of a decision granting a motion to withdraw under Practice Book § 23-41, thereby depriving a habeas petitioner of his statutory right to counsel, are debatable among jurists of reason and, therefore, are worthy of review by this court. We disagree.

The issues raised in the present appeal are almost identical to the issues raised by the petitioner in *Coleman* v. *Commissioner of Correction*, 274 Conn. 422, 876 A.2d 533 (2005) (*Coleman I*). In that case, the petitioner brought a habeas petition in which he alleged ineffective assistance of counsel with respect to a criminal conviction following a jury trial on similar yet unrelated charges. In both *Coleman I* and the present case, Berry was appointed as the petitioner's special public defender. In both cases, Judge Levine permitted Berry to withdraw as counsel, and the cases proceeded to trial on the merits. Although *Coleman I* and the present case never were consolidated, they were tried together, following which Judge White denied both habeas petitions. In *Coleman I*, the petitioner argued on appeal that "the habeas court, *White, J.*, abused its discretion in denying his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus because he was denied his constitutional right to counsel at the habeas proceeding when Berry was allowed to withdraw. He further claim[ed] that the habeas court, *Levine, J.*, abused its discretion in granting the motion to withdraw." Id., 425. Our Supreme Court, in a per curiam opinion, dismissed the petitioner's appeal as frivolous.[3] Id., 426.

---

[3] The opinion in *Coleman I* states: "After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. . . . Accordingly, the appeal should be dismissed as frivolous." (Citations omitted.) *Coleman* v. *Commissioner of Correction*, supra, 274 Conn. 426.

The petitioner attempts to distinguish the present case from *Coleman I* on the grounds that the present case involves a different underlying trial record, a different crime scene officer and different representations made by Berry about her investigation of the case. We conclude, however, that the issues and arguments raised in the present appeal are not distinguishable significantly from those raised in *Coleman I*. We, therefore, are persuaded that the present appeal should be dismissed, as was the appeal in *Coleman I*.

The appeal is dismissed.

In this opinion the other judges concurred.