******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., dissenting. I respectfully dissent. I would hold that the mandatory minimum sentence imposed on the defendant, Tauren Williams-Bey, in accordance with General Statutes § 53a-54a is unconstitutional as applied to a juvenile offender.[1] My reasons are substantially the same as those set forth at length in Justice Eveleigh's dissenting opinion in *State* v. *Taylor G.*, 315 Conn. 734, 796–97, 110 A.3d 338 (2015)[2] (expressing view that mandatory minimum sentences cannot be applied to juvenile offenders under reasoning of *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 [2012]), and the decision of the Iowa Supreme Court in *State* v. *Lyle*, 854 N.W.2d 378, 380 (Iowa 2014) (relying on state constitution to hold that mandatory minimum sentences cannot be applied to juvenile offenders).[3] Therefore, I would reverse the defendant's conviction and remand this case to the Appellate Court.[4]

No useful purpose is served by restating at length what already has been said in Justice Eveleigh's dissenting opinion in *Taylor G.* In light of the fundamental principles animating *Miller* and our own decisions in *State* v. *Riley*, 315 Conn. 637, 110 A.3d 1205 (2015), cert. denied,      U.S.      , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016), and *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 115 A.3d 1031 (2015), cert. denied sub nom. *Semple* v. *Casiano*,      U.S.      , 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016), I am of the view that mandatory minimum sentences designed for adult offenders cannot constitutionally be applied to juvenile offenders tried as adults without providing an individualized sentencing proceeding in which the sentencing judge *must* consider the mitigating effects of youth and its associated features. "[C]hildren are constitutionally different from adults for sentencing purposes," and these biological and psychological differences strike at "[t]he heart" of the rationale underlying the "penological justifications" for sentencing. (Internal quotation marks omitted.) *Miller* v. *Alabama*, supra, 567 U.S. 471–72. These differences do not change depending on the length of the sentence imposed, and, accordingly, the attendant constitutional safeguards should not change either. We have deemed the "individualized sentencing prescribed by *Miller*" to be "central to an accurate determination that the sentence imposed is a proportionate one" and "implicit in the concept of ordered liberty . . . ." (Internal quotation marks omitted.) *Casiano* v. *Commissioner of Correction*, supra, 317 Conn. 69–70. Rightfully so.

For the reasons explained in my dissenting opinion in *State* v. *McCleese*, 333 Conn. 378, 429,      A.3d      (2019), I also believe that the availability of parole eligibility under § 1 of No. 15-84 of the 2015 Public Acts,

codified at General Statutes § 54-125a, is not a substitute for a *Miller*-compliant sentencing hearing and that the defendant is entitled to retroactive relief in the form of a *Miller*-compliant resentencing hearing under these circumstances.

I therefore dissent.

[1] The defendant was sixteen years old when he committed the crimes that serve as the basis for his conviction.

[2] I disagree with the majority opinion that the applicability of the *Miller* rule to mandatory minimum sentences was not briefed by the defendant in a manner sufficient to allow us to reach the issue. In his principal brief, the defendant claimed that his sentence "violated the prohibition on cruel and unusual punishment" because the *Miller* rule applies to all juvenile offenders, regardless of the length of the sentence imposed. In support of his argument, the defendant quotes Justice Eveleigh's dissenting opinion at length, devoting two pages to a thorough discussion of the dissent and Justice Eveleigh's conclusion that "neither the crime nor its mandatory minimum punishment should be a factor in a sentencing court's ability to comply with the eighth amendment . . . and, therefore, a sentencing court possesses discretion to fashion a constitutionally permissible sentence, even if that sentence departs downward from a mandatory minimum sentence." *State* v. *Taylor G.*, supra, 315 Conn. 776. The constitutionality under federal law of mandatory minimum sentences as applied to juvenile offenders is intertwined with the legal arguments at issue in the present appeal and, in my view, is appropriate for appellate review. Cf. *Michael T.* v. *Commissioner of Correction*, 319 Conn. 623, 635 n.7, 126 A.3d 558 (2015) (distinguishing between "claim[s]" and "argument[s]" and noting that appellate courts may review "legal arguments that . . . are subsumed within or intertwined with arguments related to the legal claim" [internal quotation marks omitted]).

[3] I recognize that the cited cases all involve direct appeals from judgments of conviction, whereas the present appeal is taken from the trial court's denial of a motion to correct an illegal sentence. I rely on the reasoning contained in these cases relating to the merits of the constitutional claim, i.e., whether the constitution is violated by the application of mandatory minimum sentences without any ability for the sentencing court to consider the hallmarks of youth in mitigation under *Miller*. That substantive analysis applies in the context of a postconviction appeal, in my view, for the reasons explained in my dissenting opinion in *State* v. *McCleese*, 333 Conn. 378, 429, A.3d (2019).

[4] I would remand this case to the Appellate Court with instruction to address the state's remaining claim that the defendant waived his right to the relief being sought because his sentence was imposed pursuant to a plea agreement. See, e.g., *State* v. *Coleman*, 241 Conn. 784, 792, 699 A.2d 91 (1997) (reversing judgment of Appellate Court and remanding for consideration of remaining claims). The waiver issue was fully briefed in the Appellate Court but was not decided due to that court's disposition of the appeal in favor of the state on the merits.