******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CHARLES WILLIAM COLEMAN *v.* COMMISSIONER OF CORRECTION
## (AC 43122)

Elgo, Alexander and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes, appealed to this court from the judgment of the habeas court, which dismissed his petition for a writ of habeas corpus pursuant to statute (§ 52-470). Following the filing of the petition, the habeas court, at the request of the respondent, the Commissioner of Correction, issued an order to the petitioner to show cause, pursuant to § 52-470, why the petition should be permitted to proceed in light of the fact that the judgment on his prior habeas petition became final in 2014, but the petitioner had failed to file this petition until almost four years later, beyond the presumptive deadlines for doing so set forth in § 52-470 (d). After an evidentiary hearing, the court found that the petitioner's claim that he had difficulty obtaining the transcripts from his prior proceedings in order to find new issues to raise lacked credibility and that the petitioner's argument that he had not been informed by his prior attorneys of the retroactive application of *State* v. *Salamon* (287 Conn. 509) in collateral proceedings was unavailing. The court thus concluded that the petitioner failed to show good cause for the delay in filing the petition and dismissed it pursuant to § 52-470 (d) and (e). The court thereafter denied the petition for certification to appeal, and the petitioner appealed to this court, claiming that § 52-470 was unconstitutional, his inability to obtain the transcripts from his prior proceedings and the ineffective assistance of his prior counsel constituted good cause, and the court abused its discretion in denying the petition for certification to appeal. *Held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal, as the petitioner did not distinctly raise his constitutional challenge to § 52-470 in the petition for certification and, thus, this court declined to review this claim; moreover, the petitioner could not prevail on his claim that good cause existed for his delay in commencing his petition for a writ of habeas corpus, as the petitioner's inability to obtain transcripts from prior proceedings did not prevent him from filing a petition within the statutorily prescribed time period and this court was bound by the habeas court's determination that the petitioner's claimed difficulty in obtaining the transcripts was not credible; furthermore, the petitioner's ignorance of the possible retroactive application of *Salamon* did not constitute good cause to proceed with his otherwise untimely habeas petition, and the petitioner's failure to raise his claim of the ineffective assistance of prior counsel before the habeas court was fatal to his claim that this allegedly ineffective assistance constituted good cause, and, accordingly, the appeal was dismissed.

Argued October 14, 2020—officially released February 9, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Deborah G. Stevenson*, assigned counsel, for the appellant (petitioner).

*Jonathan M. Sousa*, deputy assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, and *Adrienne Russo*, assistant state's attor-

ney, for the appellee (respondent).

*Opinion*

ALEXANDER, J. The petitioner, Charles William Coleman, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) improperly determined that he had failed to establish good cause for the filing of his untimely habeas petition and (2) abused its discretion in denying his petition for certification to appeal. We disagree, and, accordingly, dismiss the petitioner's appeal.

As this court previously observed, "[t]he factual and procedural history of the petitioner's criminal case and prior habeas cases is lengthy and well documented. See *Coleman* v. *Commissioner of Department of Corrections*, United States District Court, Docket No. 2:91-CV0005 (PCD) (D. Conn. December 30, 1991), aff'd, 969 F.2d 1041 (2d Cir. 1992); *Coleman* v. *Commissioner of Correction*, 274 Conn. 422, 876 A.2d 533 (2005); *State* v. *Coleman*, 251 Conn. 249, 741 A.2d 1 (1999), cert. denied, 529 U.S. 1061, 120 S. Ct. 1570, 146 L. Ed. 2d 473 (2000); *State* v. *Coleman*, 242 Conn. 523, 700 A.2d 14 (1997); *State* v. *Coleman*, 241 Conn. 784, 699 A.2d 91 (1997); *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008); *Coleman* v. *Commissioner of Correction*, 99 Conn. App. 310, 913 A.2d 477, cert. denied, 281 Conn. 924, 918 A.2d 275 (2007); *State* v. *Coleman*, 38 Conn. App. 531, 662 A.2d 150, cert. denied, 235 Conn. 906, 665 A.2d 903 (1995); *State* v. *Coleman*, 17 Conn. App. 307, 552 A.2d 442 (1989)." *Coleman* v. *Commissioner of Correction*, 149 Conn. App. 719, 721–22, 87 A.3d 1208, cert. denied, 312 Conn. 905, 93 A.3d 156 (2014).

The petitioner was convicted of burglary in the first degree, burglary in the second degree, sexual assault in the first degree and unlawful restraint in the first degree. *Coleman* v. *Commissioner of Correction*, supra, 274 Conn. 423–24. "The convictions arose out of an incident that occurred on July 7, 1986, in which an assailant broke into a New Haven residence and sexually assaulted a woman." Id., 424. This court vacated the petitioner's conviction of burglary in the second degree and affirmed his other convictions. Id.

The self-represented petitioner commenced the present habeas action on May 7, 2018, alleging ineffective assistance by his criminal trial counsel, Thomas E. Farver. On October 31, 2018, the respondent, the Commissioner of Correction, requested that the habeas court order the petitioner to show cause as to why this petition should not be dismissed as untimely pursuant to General Statutes § 52-470 (d) and (e). The respondent claimed that the present habeas petition had been filed more than two years after the conclusion of appellate

review of the prior petition challenging the same conviction and, therefore, was presumptively untimely.

On February 22, 2019, the court, *Newson, J.*, held a hearing on the respondent's request. Only the petitioner, who was now represented by counsel, testified at this proceeding. On May 10, 2019, the court issued a memorandum of decision dismissing the habeas petition. In its memorandum, the court noted: "The only contested issue in the present case is whether the petitioner can establish 'good cause' for the delay in filing the petition. Since the decision on his last petition is deemed to have become final on May 29, 2014, when the Supreme Court issued the notice denying the petition for certification, the petitioner had until May 29, 2016, to file a subsequent petition challenging the same conviction. General Statutes § 52-470 (d) (1). Since it was not, the petition is subject to dismissal, unless he can establish 'good cause' for the delay in filing." (Footnote omitted.)

The habeas court then turned to the issue of whether the petitioner had established good cause for the delay. The petitioner argued that his difficulty in obtaining the transcripts from his prior proceedings to "find new issues to raise" constituted good cause. The court rejected this argument, concluding that it lacked credibility.[1] The court also was not persuaded by the petitioner's argument that his prior habeas and appellate attorneys had failed to inform him of the retroactive application of *State* v. *Salamon*, 287 Conn. 509, 542, 949 A.2d 1092 (2008), in collateral proceedings pursuant to *Luurtsema* v. *Commissioner of Correction*, 299 Conn. 740, 751, 12 A.3d 817 (2011).[2] The court concluded that the petitioner's ignorance of the change to our kidnapping jurisprudence did not constitute good cause for the purpose of § 52-470. Accordingly, the court dismissed the petition for a writ of habeas corpus, and, subsequently, denied the petition for certification to appeal from the dismissal of the habeas petition. This appeal followed.

On appeal, the petitioner claims, for the first time, that § 52-470, both on its face and as applied, violates both the federal and state constitutions by effectively suspending the privileges of the writ of habeas corpus. He also contends that his inability to obtain the transcripts of his prior proceedings, despite his due diligence, constituted good cause. Additionally, he argues that good cause exists as a result of public defender error and the ineffective assistance of prior counsel. He contends that his prior counsel had failed to advise him of the time limits to file his habeas petition, to provide him with transcripts of the various proceedings in a timely fashion and to advise him of the possibility of raising a claim involving the retroactive application of *State* v. *Salamon*, supra, 287 Conn. 509. Finally, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to

appeal. We are not persuaded.

We begin with the relevant legal principles. "Pursuant to . . . § 52-470 (g), a petitioner may appeal from the decision of the habeas court if the judge before whom the case was tried . . . [certifies] that a question is involved in the decision which ought to be reviewed by the court having jurisdiction . . . . Section 52-470 (g) was enacted to discourage frivolous habeas corpus appeals by conditioning the petitioner's right to appeal upon obtaining certification from the habeas court. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). A petitioner who was denied certification to appeal but nonetheless appeals must first demonstrate that the denial of certification constituted an abuse of the habeas court's discretion." (Internal quotation marks omitted.) *Turner* v. *Commissioner of Correction*, 201 Conn. App. 196, 206–207, 242 A.3d 512 (2020).

This court repeatedly has explained that "[f]aced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, [supra, 230 Conn. 612]. First, he must demonstrate that the denial of his petition constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Humble* v. *Commissioner of Correction*, 180 Conn. App. 697, 703, 184 A.3d 804, cert. denied, 330 Conn. 939, 195 A.3d 692 (2018).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 821–22, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017).

In the present case, the petitioner filed his petition for certification to appeal the dismissal of his habeas petition on May 15, 2019. He set forth the following as the

grounds for his request for certification to appeal to this court: "Whether the habeas court erred in dismissing [the] [p]etitioner's case for lack of good cause; any other grounds revealed in [the] transcripts or record." The petition for certification to appeal did not include a challenge to the constitutionality of § 52-470.

We review only the merits of claims specifically set forth in the petition for certification to appeal. See *Johnson* v. *Commissioner of Correction*, 181 Conn. App. 572, 578, 187 A.3d 543, cert. denied, 329 Conn. 909, 186 A.3d 13 (2018). "This court has declined to review issues in a petitioner's habeas appeal in situations where the habeas court denied certification to appeal and the issues on appeal had not been raised in the petition for certification. . . . A habeas petitioner cannot establish that the habeas court abused its discretion in denying certification on issues that were not raised in the petition for certification to appeal." (Citation omitted; internal quotation marks omitted.) Id., 578–79; see also *Pereira* v. *Commissioner of Correction*, 176 Conn. App. 762, 775, 171 A.3d 105 (because it is impossible to review exercise of discretion that did not occur, Appellate Court confined to reviewing only those issues which had been brought to attention of habeas court in petition for certification to appeal), cert. denied, 327 Conn. 984, 175 A.3d 43 (2017); *Ouellette* v. *Commissioner of Correction*, 159 Conn. App. 854, 858 n.2, 123 A.3d 1256 (use of broad language in petition for certification to appeal does not serve as basis for this court to consider claims not raised specifically in petition), cert. denied, 320 Conn. 907, 128 A.3d 952 (2015); *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011) (consideration of issues not distinctly raised in petition for certification would amount to ambuscade of habeas judge).

The petitioner did not distinctly raise his constitutional challenge to § 52-470 in his petition for certification to appeal. Pursuant to our well established jurisprudence, we therefore decline to review this claim.[3] See *Johnson* v. *Commissioner of Correction*, supra, 181 Conn. App. 580 (no basis to conclude habeas court abused discretion when petition for certification to appeal raised issues relating to petitioner's competency to stand trial and appellate arguments raised ineffective assistance of counsel claim); *Sanders* v. *Commissioner of Correction*, supra, 169 Conn. App. 817–18 n.2 (noting that habeas petitioner could not establish that habeas court had abused its discretion with respect to due process claim where petition for certification to appeal addressed ineffective assistance of counsel claim and "such other claims of error found after a complete review of record" (internal quotation marks omitted)); *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841, 62 A.3d 629 (habeas court could not abuse its discretion in denying claims about matters not raised in petition for certification to appeal), cert.

denied, 310 Conn. 921, 77 A.3d 143 (2013); see also *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 418–19, 236 A.3d 276 (noting that review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), was not available for claim raised for first time on appeal and not raised in or incorporated into petition for certification to appeal), cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

We next turn to § 52-470 and good cause.[4] In *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 532, 197 A.3d 1034 (2018), appeal dismissed, 335 Conn. 1, 225 A.3d 282 (2020), this court set forth a definition of "good cause" in the context of § 52-470. "For the purposes of . . . [§ 52-470 (e)], good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section. . . . The parties also agree that good cause has been defined as a substantial reason amounting in law to a legal excuse for failing to perform an act required by law . . . [a] [l]egally sufficient ground or reason." (Citation omitted; internal quotation marks omitted.) Id.

More recently, in *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 23,      A.3d      (2020), cert. granted, 336 Conn. 912,      A.3d      (2021), we delineated "the 'good cause' standard that a petitioner must satisfy to overcome the rebuttable presumption that a successive petition for a writ of habeas corpus filed outside of statutorily prescribed time limits is the result of unreasonable delay that warrants dismissal of the petition . . . and [clarified] the appellate standard of review applicable to a habeas court's determination of whether a petitioner has satisfied the good cause standard." (Citation omitted; footnote omitted.) After a review of § 52-470; see id., 28–31; we then synthesized "a more fulsome definition of good cause as that term is used in § 52-470 (d) and (e) . . . ." Id., 33. "We conclude that to rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay. Although it is impossible to provide a comprehensive list of situations that could satisfy this good cause standard, a habeas court properly may elect to consider a number of factors in determining whether a petitioner has met his evidentiary burden of establishing good cause for filing an untimely petition. Based on the authorities we have discussed and the principles emanating from them, factors directly related to the good cause determination include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or

his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. No single factor necessarily will be dispositive, and the court should evaluate all relevant factors in light of the totality of the facts and circumstances presented." Id., 34–35.

Next, we considered the proper appellate standard of review. We concluded that "a habeas court's determination of whether a petitioner has satisfied the good cause standard in a particular case requires a weighing of the various facts and circumstances offered to justify the delay, including an evaluation of the credibility of any witness testimony. As such, the determination invokes the discretion of the habeas court and is reversible only for an abuse of that discretion." Id., 35–36. We also noted, however, that "in applying the abuse of discretion standard, [t]o the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) Id., 36 n.12. It is axiomatic that "[a] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . A reviewing court ordinarily will afford deference to those credibility determinations made by the habeas court on the basis of [the] firsthand observation of [a witness'] conduct, demeanor and attitude." (Internal quotation marks omitted.) *Rose* v. *Commissioner of Correction*, 202 Conn. App. 436, 442,       A.3d       (2021). Guided by these principles, we consider the petitioner's remaining arguments.

The petitioner first argues that he demonstrated good cause for the delay in commencing this habeas action through his diligent efforts to obtain the transcripts from his prior proceedings in order to present possible "new" issues that had not previously been raised. The habeas court, in rejecting this contention, stated: "Considering all of the testimony and evidence, the claim is simply not a credible one, especially given the extensive litigation the petitioner has engaged [in] to challenge these convictions. Further, while the lack of transcripts may have made it difficult to 'fine tune' issues, it definitely did not prevent the petitioner from actually filing a petition within the two year period. In fact, an active petition would have given the petitioner the ability to seek the appointment of assigned counsel, who could have assisted with locating [the] transcripts, and to file [a waiver] of costs and fees."

To the extent that the habeas court found the petitioner's claimed difficulty in obtaining transcripts not credible, we defer to and are bound by that determination. See *Watts* v. *Commissioner of Correction*, 194 Conn. App. 558, 567, 221 A.3d 829 (2019), cert. denied, 334 Conn. 919, 222 A.3d 514 (2020); *Noze* v. *Commissioner of Correction*, 177 Conn. App. 874, 885–86, 173 A.3d 525 (2017); see also *Bagalloo* v. *Commissioner of Correction*, 195 Conn. App. 528, 536, 225 A.3d 1226 (habeas judge sole arbiter of credibility of witnesses and Appellate Court does not retry case or evaluate credibility of witnesses), cert. denied, 335 Conn. 905, 226 A.3d 707 (2020). Additionally, as noted by the habeas court, nothing prevented the petitioner from first filing the petition and then making efforts to obtain the transcripts, with the assistance of appointed counsel. See *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 34 (petitioner generally required to demonstrate that something outside of his control caused or contributed to delay). We agree with the habeas court and conclude that this argument is without merit.

Second, the petitioner argues that prior counsel had failed to advise him of the possibility of raising a claim involving the retroactive application of *State* v. *Salamon*, supra, 287 Conn. 509. The petitioner claimed that he only recently had become aware of *Salamon* and that his failure to raise the claim earlier constituted good cause. In rejecting this argument, the habeas court stated: "It is important to note that [the] petitioner does not claim that counsel misadvised him on the applicability of these cases, but that they simply failed to discuss them. Even if we assume for purposes of argument that *Salamon* and *Luurtsema* are applicable, since there is nothing in the record before this court to indicate that he was convicted of a kidnapping charge, this reason is also insufficient to establish good cause for the delay. *Salamon* was decided in 2008, three years before the petitioner's last habeas petition was even tried, and eight years before this petition was filed. [E]veryone is presumed to know the law, and that ignorance of the law excuses no one . . . . Thus, the [petitioner] is charged with knowledge of the law." (Emphasis omitted; internal quotation marks omitted.)

In *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 40–41, we concluded that ignorance of the law did not constitute good cause to proceed with an otherwise untimely habeas petition. Nothing in the petitioner's appellate brief persuades us that a different result is warranted in the present case.[5] We conclude, therefore, that this argument must fail.

Finally, the petitioner contends that good cause exists as a result of public defender error and the ineffective assistance of prior counsel. Specifically, he argues that his prior counsel had failed to advise him as to the time limits to file his habeas petition and to

provide him with transcripts of the various proceedings in a timely fashion. The fatal flaw with this contention is that the petition failed to present these matters before the habeas court. As noted in the appellate brief of the respondent: "[T]he petitioner did not claim in his petition, in his response to the request for order to show cause, or during the good cause hearing that prior counsel's inability to find his transcripts in the years following his prior habeas action and/or failure to advise him about the timeliness provisions of § 52-470 (d) violated his sixth amendment right to [the] effective assistance of counsel." Furthermore, the habeas court did not address such matters in its memorandum of decision on the respondent's request for order to show cause. "We do not entertain claims not raised before the habeas court but raised for the first time on appeal." (Internal quotation marks omitted.) *Lopez* v. *Commissioner of Correction*, 142 Conn. App. 53, 57 n.2, 64 A.3d 334 (2013); see also *Eubanks* v. *Commissioner of Correction*, 329 Conn. 584, 598, 188 A.3d 702 (2018) (appellate review of claims not raised before habeas court would amount to ambuscade of habeas judge); *Walker* v. *Commissioner of Correction*, 176 Conn. App. 843, 846 n.2, 171 A.3d 525 (2017) (Appellate Court is not compelled to consider issues neither alleged in habeas petition nor considered at habeas proceeding); *Sewell* v. *Commissioner of Correction*, 168 Conn. App. 735, 736–37 n.2, 147 A.3d 196 (2016) (Appellate Court did not consider issues not alleged in habeas petition or considered at trial during habeas proceeding), cert. denied, 324 Conn. 907, 152 A.3d 1245 (2017).

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Specifically, the court stated: "Considering all of the testimony and evidence, the claim is simply not a credible one, especially given the extensive litigation the petitioner has engaged [in] to challenge these convictions."

[2] "Stated succinctly, [p]ursuant to the holdings of these decisions, a defendant who has been convicted of kidnapping may collaterally attack his kidnapping conviction on the ground that the trial court's jury instructions failed to require that the jury find that the defendant's confinement or movement of the victim was not merely incidental to the defendant's commission of some other crime or crimes." (Internal quotation marks omitted.) *Nogueira* v. *Commissioner of Correction*, 168 Conn. App. 803, 807, 149 A.3d 983, cert. denied, 323 Conn. 949, 169 A.3d 792 (2016); see also *Pereira* v. *Commissioner of Correction*, 176 Conn. App. 762, 768–70, 171 A.3d 105, cert. denied, 327 Conn. 984, 175 A.3d 43 (2017); *White* v. *Commissioner of Correction*, 170 Conn. App. 415, 421 n.4, 423–24, 154 A.3d 1054 (2017).

[3] We have recognized that an appeal following the denial of a petition for certification to appeal from the judgment of the habeas court denying or dismissing a petition for a writ of habeas corpus is not the appellate equivalent of a direct appeal following a criminal conviction. See *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013). "Our limited task as a reviewing court is to determine whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous." Id.

[4] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to

the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section. . . ."

See also *Dull* v. *Commissioner of Correction*, 175 Conn. App. 250, 252, 167 A.3d 466, cert. denied, 327 Conn. 930, 171 A.3d 453 (2017); see generally *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 715–26, 189 A.3d 578 (2018); *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 566–68, 153 A.3d 1233 (2017).

[5] In his appellate brief, the petitioner's argument regarding *Salamon* consists of the statements that the habeas court is presumed to know the law and that it should have known that "a statute or court made law cannot conflict with the plain language of the constitution, cannot eliminate or suspend the writ of habeas corpus, and cannot be used to effectively deny counsel or the right of a petitioner to redress his grievances."

---